EDWARD M. MALSBARY, APPELLEE, V. WARREN A. JACOBUS, APPELLANT.

FILED MARCH 16, 1911.   No. 16,312.

1. **Deeds:** BREACH OF COVENANT: MEASURE OF DAMAGES.   The measure of damages for a breach of covenant against incumbrances caused by an outstanding lease is ordinarily the value of the use of the land for the outstanding term.

2. ———: ———: ———. A warranty deed of real estate upon
which there is a growing crop passes the interest of the grantor
in the crop to the vendee, unless the crop is reserved. If there
is a covenant against incumbrances in the deed, and a valid
outstanding lease at the time of delivery of the deed, and the ten-
ant is the owner of the crop, the grantee in the deed may waive
his damages for failure to deliver him the crops, and sue his
grantor upon the covenant against incumbrances, and if he does
so his measure of damages will be the value of the outstanding
term.

APPEAL from the district court for Hall county:
JAMES R. HANNA, JUDGE. *Reversed.*

*C. G. Ryan,* for appellant.

*Harrison & Prince,* contra.

SEDGWICK, J.

The defendant sold to the plaintiff a farm in Hall
county, and gave him a warranty deed with the usual
covenant against incumbrance. He had before that time
rented a few acres of the land to one Jobe, who had
planted it in fall wheat, which was then upon the land.
The deed was made and delivered in the winter season.
The deed was made subject to an outstanding mortgage,
but neither the deed nor the preliminary written con-
tract between the parties mentioned the lease to Jobe.
The plaintiff brought this action to recover damages for
the breach of the covenant against incumbrance and ob-
tained the verdict and judgment, from which the defend-
ant has appealed.

The pleadings allege, and upon the trial it was con-
ceded, that the lease to Jobe was valid and provided for
payment of the rent in kind, and that Jobe had possession
of the land under his lease and had paid to this plaintiff
the rent stipulated in his lease. The question involved
in the case is wholly as to the measure of damages. The
plaintiff insisted that the measure of damages was the
value of the growing crop of wheat at the time he received

his deed. The defendant insisted that the measure of damages was the value of the use of the land for the term during which it was withheld from the plaintiff. The court held with the plaintiff as to the measure of damages, and so instructed the jury, and this is the error complained of. We think in this ruling the trial court was wrong. There was some conflict in the evidence as to whether the plaintiff had notice at the time he received his deed of the outstanding lease and of the existence of the growing wheat upon the land. It is not necessary to determine this conflict, as in any event the ruling was wrong. If the plaintiff, as he contends, had no notice of the outstanding lease, he might afterwards accept the tenant as his tenant, and his deed would transfer to him the right to do so. If he accepted him as his tenant, and received the rent from him in accordance with the contract of lease, the question might still arise whether he had accepted it as full compensation for his damages. This might possibly depend upon circumstances and conditions which it is not now necessary to discuss. The plaintiff is now trying to recover the value of the wheat on the theory that defendant sold him the wheat with the land. Growing crops are a part of the land as between vendor and vendee, and if they belong to the vendor at the time of the sale, and there is no reservation, the title would pass to the vendee. It is conceded by the plaintiff, necessarily by the very form of his action, that the wheat at the time of the execution of the deed was not the property of the vendor; that the vendor had no title therein which he could transfer unincumbered to the vendee. The tenant Jobe had an interest in the wheat which this defendant could not transfer to the plaintiff. If the plaintiff had brought his action against the defendant for fraudulently selling him property in which he had no title and receiving from him the value thereof, he would be in a position to discuss the present question as to the measure of damages. He elected to bring a different kind of action. He alleged the convey-

ance and the covenant in the deed against incumbrance, and then alleged the incumbrance, and that Jobe had possession of the land and held it until the crops were removed; he did not allege that he took title to the wheat by his purchase; his petition must be construed to admit that Jobe was the owner of the wheat; he counted in his petition upon the breach of the covenant against incumbrances, and he cannot now avoid the usual rule of the measure of damages which is the value of the oustanding term. It was suggested in the argument at the bar that the deed having been executed in January, and the crop having been planted in the early preceding fall, so that the tenant's term would expire in much less than a year after the breach of the covenant against incumbrance, the rule that the rental for the unexpired term would be the measure of damages could not be applied in this case. In such case there would be ground for contending that, if the outstanding incumbrance deprived the plaintiff of the possession of the land for the crop season, the value of that possession would be the value for the use of the land for the crop season, and the evidence shows that the plaintiff in this case received from the tenant the full value for the use of the land for the entire crop season.

The judgment of the district court is reversed and the cause remanded.

REVERSED.